UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CR NO. 98-127 (SEC) |
| | : | |
| PUERTO RICO ELECTRIC POWER AUTHORITY, | : | |
| Defendant | : | |

MOTION OF THE UNITED STATES
TO MODIFY AND EXTEND THE CONDITIONS OF
<u>PROBATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY</u>

COMES NOW, the United States of America by its undersigned attorney and files this Motion to Modify the Conditions of Probation of the defendant Puerto Rico Electric Power Authority (herein after "PREPA") and in support thereof avers the following:

1. On or about July 18, 2002 this Court entered an Amended Order of Probation in the above captioned matter. Said Order extended the defendant PREPA's probation and imposed certain new conditions of probation as agreed to and set forth in the "Settlement Agreement" between the United States of America and PREPA filed June 21, 2002 (herein after the "Settlement Agreement").

2. The Amended Order of Probation accepted the Settlement Agreement between the government and the defendant PREPA as resolving all pending violations of probation.

3.      The Settlement Agreement referred to in paragraphs 1 and 2 above included among its terms that, PREPA fund the purchase of up to six air monitoring stations for the Puerto Rico Environmental Quality Board (EQB) to monitor the presence of $SO_2$ and $PM_{2.5}$. The coast of purchasing six monitoring stations was not to exceed one hundred eighty thousand dollars ($180,000). See Settlement Agreement, paragraph 7. The Amended Order of Probation, referred to in paragraphs 1 and 2 above, accepted an agreement between the parties that the number of monitoring stations to be purchased by PREPA be increased from six to fourteen. The agreement to increase the number of air monitoring stations from eight to 14 was the result of direct negotiations between the community and PREPA. The Amended Order of Probation did not set the cost of purchasing the additional monitoring situations. See Amended Order of Probation, paragraph 4.

4.      The United States believes and therefore avers that the parties grossly underestimated the per unit cost of the air monitoring stations. The United States believes, and therefore avers that both the government and PREPA believed the per unit cost of the air monitoring stations would run at $30,000 per station. The actual cost is approximately $77,000. Thus, the cost ceiling of $180,000 imposed under the Settlement Agreement to purchase up to six air monitoring stations would have, in fact, purchased only two complete stations.

5.      In the course of monitoring and implementing the new terms and conditions

of probation and in consultation with EQB, the United States has determined that it is not practical to have PREPA fund the purchase of fourteen monitoring stations for the use of EQB. The United States has learned that the EQB cannot install, adequately maintain and operate fourteen additional air monitoring stations under the constraints of its current operational budget and staffing.

6. PREPA and the United States have been unable to reach an agreement on a modification to the condition of probation related to the purchase of air monitoring stations. In discussions with the United States, the defendant PREPA has taken the position that its obligation to purchase 14 air monitoring stations cannot exceed expending $420,000. PREPA arrives at the $420,000 figure by dividing the original number of air monitoring stations called for under the Settlement Agreement (six) into the cost ceiling set in the Settlement Agreement $180,000. Thus, PREPA believes it need only spend $30,000 per monitoring station not the $77,000 per station in actual cost.

7. The United States believes and therefore avers that PREPA should not be permitted to avoid complying with the condition of probation requiring it to purchase 14 air monitoring stations based on a gross miscalculation by both parties and a convenient extrapolation of cost PREPA has used to determine the unit cost of an air monitoring station.

8. Working with EQB and the local community, the United States has reached a reasonable, workable and effective modification of the condition of probation related to

the purchase by PREPA of fourteen air monitoring stations. The modification proposed by the United States will bring on line an adequate number of air monitoring stations to provide the community, through EQB, with accurate, scientific information about the air quality of the communities around PREPA facilities.

9. The United States proposes, and has proposed to the defendant PREPA, that the Special Condition of Probation requiring PREPA to purchase 14 air monitoring stations be modified to require that PREPA fund the purchase, installation and operation of five (5) complete air monitoring stations with protective sheds to monitor the presence of $PM_{2.5}$ and $SO_2$. The cost of purchasing and operating the five air monitoring stations is set forth in an EQB letter to the Department of Justice dated October 5, 2004. (A copy of said letter is attached hereto as Exhibit 1.)

10. The EQB has agreed to report on the installation, operation, data collection and analysis to the district court. It is anticipated that EQB will take over operation, data collection and analysis as a part of its operational budget and staffing after the first three years of the project. See Letter to Department of Justice from Mr. Sotomayor-Rivera of EQB dated October 5, 2004. (A copy of said letter is attached hereto as Exhibit 2.)

11. The United States believes and therefore avers that the purpose and intent of setting-up the air monitoring stations was and is to provide the community affected by PREPA operations to obtain scientific information about the air quality within the community. Operation of the air monitoring stations without data collection, analysis and

reporting is useless to the community. At the request of the United States, the EQB has agreed to report to the district court on the purchase, installation and operation of the five monitoring stations during the three year time period. The cost for EQB to operate the five air monitoring stations, obtain, analyze and report the data collected by said stations for three years is also set forth in Exhibit 1.

WHEREFORE, the United States respectfully request that this Court enter an order setting a hearing to modify the terms and conditions of PREPA's probation consistent with the facts and recommendations set forth in this motion.

Respectfully submitted,

H. S. GARCIA
United States Attorney
District of Puerto Rico


_____/s/_____
HOWARD P. STEWART
Senior Litigation Counsel
Environmental Crimes Section
U.S. Department of Justice
Washington, DC
USDC-PR BAR # 217905

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the date indicated below a true and complete copy of the foregoing Motion of the United States to Modify the Conditions of Probation of the Puerto Rico Electric Power Authority was served by fax delivery on counsel for the defendant, Puerto Electric Power Authority (PREPA) addressed as follows:

Lawrence Diamond, Esquire
Duane Morris, LLP
744 Broad Street, 12th Floor
Newark, NJ 07102
Phone: (973) 424-2012
Fax: (973) 424-2001

John Ryan, Esquire
Duane Morris, LLP
One Liberty Place
Philadelphia, PA 19103-7396
Phone: (215) 979-1173
Fax: (215) 979-1020

/s/
HOWARD P. STEWART

DATED: October 28, 2004