UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CR NO. 98-127 (SEC) |
| | : | |
| **PUERTO RICO ELECTRIC POWER AUTHORITY,** | : | |
| | : | |
| **Defendant** | : | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR TERMINATION OF PROBATION

TO THE HONORABLE COURT:

**I.   INTRODUCTION**

On July 24, 2002, this Court entered an Amended Order of Probation in the above-captioned matter that extended PREPA's probation for a period of 18 months.  The Court's Order also approved, and incorporated into PREPA's terms and conditions of probation, the "Settlement Agreement" between the United States of America and PREPA filed June 21, 2002 (hereinafter the "Settlement Agreement"), which resolved all pending violations of probation alleged by the government.

The Settlement Agreement provided for two criteria to determine the term of PREPA's probation:  (1)  a minimum of two years of burning 0.50% sulfur fuel at the Palo Seco and San Juan power generating facilities; and  (2)  a minimum of 18 months of VECA readings at Palo Seco and Costa Sur.  As of the filing of this application with the Court, PREPA will have combusted 0.50% sulfur fuel at Palo Seco and Costa Sur for at least two years, satisfying one of

the two prongs. As to the VECA Project, the VECA began taking Method 9 readings on May 5, 2003. By November 5, 2004, the VECA had completed a full 18-month complement of readings.

Since November 19, 2004, the VECA has continued to read at Costa Sur, but not at Palo Seco. This reduction in monitoring was in accord with the Court's instruction at the Status Conference held on November 10, 2004, the Court being convinced that compliance was assured at Palo Seco.

Over that entire span of approximately twenty-two months and more than 1800 completed VE readings, the government has not notified PREPA or the Court of a single air probation violation. Moreover, as described in greater detail below, PREPA has abided by each and every other condition of its probation, including those imposed as recently as November 10, 2004 with respect to the funding of air monitoring stations.

As it has complied with its obligations, PREPA's probation is rightfully ended as of the date the Court receives PREPA's certification that as of the passing of March 14, 2005, PREPA had completed the requisite two-year burn of 0.50% sulfur fuel.

## II.   PREPA HAS SATISFIED ITS CONDITIONS OF PROBATION

Since this Court approved the Settlement Agreement on July 24, 2002, PREPA has satisfied all of its conditions of probation, including the combustion of 0.50% sulfur fuel at Palo Seco and Costa Sur for two years, which was achieved on March 14, 2005.

Moreover, November 5, 2004 marked completion of the 18-month minimum term of the VECA. The VECA project commenced on March 5, 2003, and now has proceeded for over 22 months without notice of an Air Probation Violation.

PREPA's further satisfaction of its conditions of probation is summarized as follows:

**Conditions Completed:**

a. **Payment of $10,000 fine**
(See Settlement Agreement ¶ 3)
PREPA paid this fine on August 28, 2002 and reported this payment to the Probation Office on October 17, 2002.

b. **Wastewater Upstream Study and Compliance Plan**
(See Settlement Agreement, App. B (1))
PREPA completed this Study and Compliance Plan and submitted same on October 17, 2002. The Compliance Plan was approved by the United States, which approval was reported to the Probation Office on October 31, 2003.

c. **Notification of Bond Holders**
(See Settlement Agreement App. C (2))
PREPA's Bond Holders were notified in PREPA's 2001-2002 annual report, which notification was reported to the Probation Office on October 31, 2003.

d. **Land Acquisition Program**
(See Settlement Agreement App. C (1))
PREPA has performed its obligations as required and as recognized in the Settlement Agreement, at App. C (1).

e. **Certification of Upgrade of Wastewater Treatment Facilities at Palo Seco**
(See Settlement Agreement, App. B(4))
Upgrade certified as complete on October 15, 2002 and reported to Probation Office on October 17, 2002.

f. **VECA Project**
(See Settlement Agreement, App. A)
Project commenced on May 5, 2003, as reported on July 31, 2003.
This project reached its 18 month anniversary on November 5, 2004 without incident. PREPA has paid a total of approximately $226,000 for the VECA's services to the Court to date.

g. **Expanded Distribution of Quarterly Reports to EPA and DOJ**
(See Settlement Agreement, App. C (4))
PREPA has distributed Quarterly Reports as required for each of the twelve quarterly reports filed since the approval of the Settlement Agreement.

h. **Report on Use of Fuel Additives**
(See Settlement Agreement, App. C (4))
PREPA has reported on its use of Fuel Additives in each Quarterly Report filed with the Probation Office since approval of the Settlement Agreement.

i. **Certification of Utilization of Scrap Metal Storage Facility at Costa Sur Power Plant**
(See Settlement Agreement, App. B (2))
PREPA has utilized this facility throughout its term of probation and has so certified in each Quarterly Report submitted to the Probation Office.

j. **Funding of Air Monitoring Station Project**
(See Settlement Agreement, ¶ 7 and Order of this Court dated December 15, 2004)
In August 2002, PREPA funded account number 1-930-90-988-80 with $420,000 for the air monitoring station project, and went on to purchase and transfer equipment costing approximately $202,000 to EQB as of the end of October 2004. The balance of approximately $218,000 remained available for funding additional equipment. On January 5, 2005, PREPA tendered checks to EQB to fund the purchase of a total of eight (8) stations and the operation of five (5) stations for three (3) years. Thus, the total expenditure by PREPA has been $857,574.

k. **Combustion of 0.50% Sulfur Fuel at Palo Seco and San Juan Facilities for Not Less than Two Years**
(See Settlement Agreement, ¶ 5)
PREPA commenced combustion of low-sulfur fuel on March 14, 2003, as reported to the Probation Office on April 29, 2003. Pursuant to ¶ 5 of the Settlement Agreement, this combustion was maintained through March 14, 2005. PREPA will continue to burn 0.50% sulfur fuel at these plants for the foreseeable future. (See below.)

### III. PREPA HAS COMBUSTED 0.50% SULFUR FUEL FOR 24 MONTHS AND HAS FURTHER COMMITTED TO CONTINUING THIS PROGRAM THROUGH JULY 2009

Pursuant to Paragraph 5 of the Settlement Agreement, PREPA was required to combust fuel with a sulfur content not to exceed 0.50% at its Palo Seco and San Juan facilities for not less than two years. As noted above, PREPA has combusted this low sulfur fuel since March 14, 2003 and has so certified to the United States Probation Office. Importantly, under the terms of a Modified Consent Decree being supervised by the Honorable Carmen C. Cerezo in the action captioned *United States and Comunidades Unidas Contra La Contaminacion v. PREPA,* No. 93-2527 (CCC), PREPA has committed to the United States Department of Justice, the United States Environmental Protection Agency and to Judge Cerezo of this District that PREPA will

continue to combust this low-sulfur fuel until at least July 2009, more than four years beyond the date required by the terms of PREPA's conditions of probation in this action.

IV.  **PREPA HAS DEMONSTRATED ITS COMMITMENT TO ENVIRONMENTAL COMPLIANCE**

Throughout its term of probation PREPA has demonstrated a commitment to environmental compliance through its deeds as well as its words, as reported in each quarterly report, and as observed by this Court's air quality monitor, the VECA. PREPA has met on a quarterly basis with a representative of the United States Probation Office, and has continuously reported on an informal basis to the United States Department of Justice concerning any unusual events involving environmental compliance. Further, PREPA has resolved an ongoing dispute with the United States Environmental Protection Agency that arose under the civil consent decree in the action presided over by the Honorable Carmen C. Cerezo, *United States and Comumidades Unidas Contra La Contaminacion v. PREPA,* No. 93-2527 (CCC). In connection with the settlement of that action, PREPA has agreed, among other things: (1) to use fuel with a lower sulfur content at its Costa Sur and Aguirre plants; (2) to combust 0.50% sulfur fuel at Palo Seco through July 18, 2009 and to combust 0.50% fuel at San Juan until the earlier of July 18, 2009 or the issuance of a permit requiring no more than 0.50% sulfur fuel at the San Juan plant, whereupon applicable permit requirements would govern; (3) to implement a NOx reduction strategy involving NOx optimization (adjustments) and, if necessary, physical modifications to achieve agreed-upon thresholds; and (4) to contribute an additional $100,000 into its Land Acquisition Fund. PREPA has consistently and timely met a number of complicated conditions of probation, and has consistently and timely reported these accomplishments to the United States Probation Office. PREPA's commitment to environmental compliance has been, and

continues to be, a priority for the Authority and its employees and this commitment has resulted in the successful satisfaction of PREPA's conditions of probation.

## V. THE VECA PROJECT

Beginning May 5, 2003, the VECA performed visible emissions audits of all operating units at PREPA's Palo Seco and Costa Sur power generation facilities. Beginning December 10, 2004, in accordance with the Court's determinations of that date, the VECA discontinued taking readings at the Palo Seco facility, but continued taking readings at the Costa Sur plant.

As of February 15, 2005, the VECA has submitted twenty-one confidential monthly reports to the United States District Court and to the parties. In the twenty-one-month period covered by these reports, the VECA conducted more than 1800 individual Method 9 readings at the Palo Seco and Costa Sur power generating facilities. As the Court is aware, Rule 403 of the Regulations for the Control of Atmospheric Pollution of the Commonwealth of Puerto Rico ("Rule 403") regulates the level of visible emissions opacity from PREPA's stacks. Rule 403 limits the opacity in visible emissions opacity to 20% for a six-minute average. See, Rule 403(A).

The monthly averages, by plant, of the 30-minute visible emissions opacity averages as reported by the VECA for the twenty-one months through January, 2005 are as follows:

| Month | Palo Seco | Costa Sur |
| --- | --- | --- |
| May 2003 | 5.45% | 10.10% |
| June 2003 | 7.56% | 12.31% |
| July 2003 | 5.83% | 10.82% |
| August 2003 | 5.47% | 9.23% |
| Sept. 2003 | 5.54% | 10.21% |
| Oct. 2003 | 7.02% | 14.20% |
| Nov. 2003 | 8.15% | 14.50% |

| Month | Palo Seco | Costa Sur |
|---|---|---|
| Dec. 2003 | 7.98% | 15.57% |
| Jan. 2004 | 8.07% | 14.19% |
| Feb. 2004 | 6.50% | 13.92% |
| March 2004 | 7.73% | 13.33% |
| April 2004 | 7.54% | 13.44% |
| May 2004 | 7.43% | 13.68% |
| June 2004 | 5.77% | 10.71% |
| July 2004 | 6.25% | 11.31% |
| August 2004 | 6.00% | 10.97% |
| Sept. 2004 | 6.47% | 10.28% |
| Oct. 2004 | 6.71% | 11.61% |
| Nov. 2004 | 6.50% | 11.43% |
| Dec. 2004 | N/A[*] | 11.80% |
| Jan. 2005 | N/A[*] | 10.85% |
| 19 Month Average (P.S.) | 6.74% | |
| 21 Month Average (C.S.) | | 12.11% |

These average figures are well below the opacity limits established by Rule 403 and clearly and plainly demonstrate PREPA's significant level of compliance not only with Rule 403 but also with its obligations under the Consent Decree and the terms of probation. Indeed, given the figures referenced above, it is telling that through the completion of these 22 months of VECA readings, DOJ has not notified PREPA or this Honorable Court of any Air Probation Violations.

Accordingly, and because of the VECA's positive observations of PREPA's compliance with relevant opacity standards demonstrated over the twenty-one-month span of the VECA project through January, 2005, PREPA has complied with its obligations under Probation.

## VI.   PREPA's ENVIRONMENTAL COMPLIANCE WILL CONTINUE TO BE MONITORED DILIGENTLY

The government may argue that PREPA should remain on probation for as long as possible under the Settlement Agreement in order to ensure its compliance with environmental laws and regulations. The reality is that termination of probation at this time will not affect PREPA's commitment or its legal obligations to comply with the environmental laws, rules and regulations of the United States and Puerto Rico. Indeed, the Court is aware that upon the termination of probation, PREPA will continue to be obligated to comply with its myriad of obligations under the Consent Decree, which is monitored closely by EPA. None of this will change simply because probation is terminated by the Court.

Another factor that weighs heavily in favor of PREPA's future environmental compliance is the good will it has developed and earned in recent years with the Puerto Rico community. PREPA has worked hard to gain the respect of the community. To keep that respect, PREPA intends to maintain its dialog with the community and do what is necessary to ensure future environmental compliance. Moreover, the community will be there to make sure that PREPA does not veer from the path of compliance.

Termination of probation also will not derogate the compliance monitoring that is conducted by the Puerto Rico Environmental Quality Board ("EQB"). The EQB is fully familiar with PREPA's commitment to environmental compliance and is integrally involved with the Air Monitoring Station Project. EQB's monitoring of PREPA also will not change should the Court grant PREPA's application for termination of probation.

Finally, the termination of probation does not affect the federal government's monitoring of PREPA's environmental compliance obligations under a host of federal environmental

statutes and regulations. For example, periodically EPA has exercised its power to conduct multi-media inspections of PREPA's facilities throughout the Island. There is no reason to believe that EPA will relinquish its vigilance.

Given the above, it is respectfully submitted that the continuance of probation will not materially add to the current and available weight of governmental and community monitoring of PREPA's commitment to environmental compliance, nor will it diminish that commitment.

## VII. CONCLUSION

As described with particularity above, PREPA has demonstrated a high level of sensitivity and commitment to environmental compliance and has worked hard to successfully meet its conditions of probation. PREPA has implemented procedures, and is constantly working to improve the systems that have been adopted, to secure its place as a responsible corporate citizen.

As Your Honor specifically stated at the Status Conference convened on November 10, 2004, "the goal was to terminate PREPA's probation as soon as it could responsibly do so." Minutes of Proceedings, November 10, 2004. PREPA exercised its obligations under the terms of probation in a responsible manner, warranting the termination of probation. As of the date of the Status Conference, it remained for PREPA to complete the funding of the air monitoring stations as enhanced by the Court's decisions at the Status Conference and embodied in the Court's Order dated December 15, 2004. PREPA also had yet to complete the required two-year burn of 0.50% sulfur fuel at the Palo Seco and San Juan plants. However, having now achieved those objectives, the time is ripe for PREPA's term of probation to end. Accordingly, it is respectfully requested that this Honorable Court enter an Order that concludes the VECA project and terminates supervision of PREPA by the United States Probation Office.

                                 Respectfully submitted,
                                 DUANE MORRIS LLP

                                 By:  /s/ Marco A. Gonzalez
Dated:  March 17, 2005           Marco A. Gonzalez, Esq.
                                 USDCPR # 216305
                                 Lawrence W. Diamond, Esq.
                                 USDCPR #216304
                                 Duane Morris LLP
                                 744 Broad Street
                                 Suite 1200
                                 Newark, New Jersey  07102
                                 (973) 424-2000
                                 *Attorney for Defendant, the Puerto Rico*
                                 *Electric Power Authority*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of March, 2005, a true and correct copy of the foregoing Motion of Defendant, Puerto Rico Electric Power Authority, for Termination of Probation was served via telefax and first class mail, postage prepaid, on counsel for the United States of America, addressed as follows:

>Howard P. Stewart, Esquire
>Senior Litigation Counsel
>Environmental Crimes Section
>United States Department of Justice
>P.O. Box 23985
>Washington, DC  20026-3985

A courtesy copy for informational purposes was also forwarded via Federal Express to:

>Mr. Victor M. Canino
>United States Probation Office
>United States District Court
>District of Puerto Rico
>143 Federal Building
>150 Chardón Avenue
>San Juan, PR  00918-1741

>/s/ Marco A. Gonzalez
>Marco A. Gonzalez, Esq.
>USDCPR #216305

---

\* Termination of VECA readings by Court as per November 2004 Status Conference